# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY D. WHITMORE a/k/a Don Gregerson | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08-cv-420-JPG-PMF ) |
| CINDY ALPERT, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a defense motion for partial summary judgment (Doc. No. 61). Plaintiff Troy Whitmore is proceeding on two Eighth Amendment claims; both challenge the conditions of his former confinement at Menard Correctional Center. Defendants Jetton, Thompson, and Teel seek judgment in their favor on Whitmore's claim that excessive force was applied to his shoulder in June, 2006. The motion is opposed (Doc. No. 67).

The excessive force claim is based on an incident at Whitmore's cell door on June 20 or 25, 2006. At that time, Whitmore shared a cell with inmate Philippe Sanchez. Sanchez had physical and mental heath problems that were being treated with medicines. The door of their cell had an opening or chuckhole covered by a steel plate. Correctional employees could open the chuckhole by unlocking and sliding the steel plate to one side. The chuckhole was opened to facilitate various tasks, such as service of meals and distribution of medication. Whitmore claims he was injured when the steel plate was forcefully and repeatedly closed on his arm.

Summary judgment is proper where admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact arises when the facts and inferences drawn in favor of the nonmoving party would permit a jury to return a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).[1]

The material facts, construed in Whitmore's favor, follow. Prior to the injury, Whitmore felt he had an urgent need to speak with the cell house sergeant about some confiscated photographs. He made this request to defendant Teel, a medical technician, when Teel approached the cell to administer medications to inmate Sanchez. When Teel declined to summon the sergeant as requested, Whitmore advised Teel that he would not allow Teel to close the chuckhole until he saw the sergeant. He inserted his right hand in the opening and refused to remove it. The presence of Whitmore's hand in the opening prevented Teel from distributing medications to Sanchez and also prevented Teel from closing and locking the chuckhole. Whitmore did not utter threats, use a loud voice, or reach out in an aggressive manner. He merely placed his hand in the chuckhole opening, held on to a small "lip" and adamantly refused to withdraw his hand.

In response to Whitmore's conduct, Teel walked away and returned to the cell door with defendants Thompson and Jetton. Thompson was present because he had been escorting Teel while medication was being delivered to inmates. Thompson asked Teel to describe the situation and then ordered Whitmore to take his hand out of the chuckhole opening two or three times, using a loud voice. Each time, Whitmore refused, insisting that he needed to see the sergeant.

---

[1] Whitmore has submitted discovery responses and other evidence suggesting that force was not used by the defendants. Because the Court must view the facts and reasonable inferences in Whitmore's favor, these materials have not been discussed.

At this point, Jetton put her hand on the chuckhole plate and took a position to slide it closed when Whitmore pulled his hand into the cell. Thompson grabbed Whitmore's wrist, pulled his arm, and attempted to twist the arm and apply enough pressure to persuade Whitmore to pull his arm into the cell. Several times, Thompson informed Whitmore in a loud voice that he would break Whitmore's arm. That approach caused pain, but Whitmore tolerated the pain and foiled Thompson's effort by wrestling against Thompson and jerking his arm to a different position. Thompson released his grasp on Whitmore's arm, grabbed the steel plate from Jetton, and ordered Whitmore again to pull his arm back in the cell. Whitmore refused, and Thompson slammed the chuckhole door into Whitmore's shoulder. Thompson then asked Whitmore if he would put his arm back in. Whitmore persisted in his refusal, saying he needed to see the sergeant. Thompson pulled the steel plate back and forcefully slammed it into Whitmore's shoulder multiple times, each time instructing Whitmore to put his arm back in the cell. Whitmore steadfastly refused each order, and Thompson continued to slam the chuckhole door onto Whitmore's shoulder, although cuts were visible and blood was flowing. After several minutes, Thompson ceased his efforts and continued down the gallery while Teel completed his task of passing out medications.

As a result of the incident, Whitmore suffered pain, cuts, swelling, and bruising on his shoulder. Approximately two days later, a medical technician observed swelling and healed scratches, and detected good range of motion. Whitmore's residual symptoms were treated with analgesic medicine.

The parties agree that the core judicial inquiry is whether these facts show that Thompson applied force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In conducting this inquiry, a variety of factors should be examined, including "the

- 3 -

need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000) (citing *Hudson,* 503 U.S. 1 (1992)).

The first factor, the need for application of force, goes in favor of the defense. Whitmore's repeated failure to comply with direct orders, interference with efforts to close and secure the chuckhole, and interference with Teel's effort to distribute medication to inmate Sanchez show that some level of force was appropriate.[2] The second factor, the relationship between the need for force and the level of force applied also goes in favor of the defense. The force used was targeted toward the legitimate objective of closing the chuckhole and securing the cell door and did not exceed (or even meet) the level of force needed to accomplish that goal. Thompson did not use enough force to remove Whitmore's hand or to persuade Whitmore to remove himself from the chuckhole opening. The third factor, the threat reasonably perceived by the responsible officers, goes in favor of plaintiff. The evidence does not suggest that Thompson, Jetton, or Teel were concerned about their own safety or formed the impression that Whitmore presented a risk to others in the facility. The fourth factor, efforts to temper the severity of the force employed, goes in favor of the defense. Multiple verbal efforts were employed to avoid any use of force. When force was used, it was applied in increments, interspersed with breaks, giving Whitmore ample opportunity to reconsider his obstinance and extract himself from the situation he had created. The fifth factor also goes in favor of the defense. The evidence does not show any severe or permanent injury or any significant

---

[2] In his brief, Whitmore argues the he did not interfere with Teel's effort to administer medication. This position contradicts Whitmore's sworn testimony, and is rejected on that basis (Doc. No. 62-1, p. 7).

- 4 -

restriction on Whitmore's ability to function. Another factor deserves mention. Whitmore invited the use of force through his own actions and endured pain and injury on his own volition. At all times, Whitmore had control over the situation and could have avoided harm by performing the simple act of removing his hand from the chuckhole opening. This scenario is a far cry from the circumstances evaluated in *Hudson v. McMillian*, 503 U.S. 1 (1992), where the inmate was held in place while force was applied from behind. This last factor suggests that force was not gratuitous and that harm was not used to injury or abuse and weighs in favor of the defense.

In sum, the factors relevant to the Eighth Amendment analysis weigh strongly in favor of the defense. In these circumstances, a jury would not be justified in returning a verdict in Whitmore's favor.

IT IS RECOMMENDED that the motion for partial summary judgment (Doc. No. 61) be GRANTED. At the close of this case, judgment should be entered in favor of defendants Jetton, Thompson, and Teel on Whitmore's excessive force claim. If this recommendation is adopted, Whitmore's claim of inadequate medical care will remain for trial.

**SUBMITTED:** __March 22, 2011__ .

   __S/Philip M. Frazier__
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**