UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TROY D. WHITMORE, a/k/a Don Gregerson,

    Plaintiff,

v.

CINDY ALPERT, *et al.*,

    Defendants.

Case No. 08-cv-420-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court grant the defendants' motion for summary judgment (Doc. 61) on plaintiff Troy Whitmore's claim for excessive force in violation of the Eighth Amendment. Whitmore objects to the Report (Doc. 73).

**I.    Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    The Report**

This case arose after Whitmore stuck his hand through the chuckhole of his cell door and then refused to withdraw it when ordered to so do by correctional officers. The defendants attempted to get Whitmore to remove his hand from the chuckhole by grabbing his protruding wrist and twisting it and by slamming the chuckhole door on his arm until it was lacerated.

During the entire struggle, Whitmore refused to withdraw his arm from the chuckhole until a sergeant came to talk to him.

The Report recounts the evidence, viewed in Whitmore's favor, and the reasonable inferences that can be drawn therefrom, and applies the standard set forth in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the test for excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). Specifically, Magistrate Judge Frazier found that the defendants needed to apply force when Whitmore refused to remove his hand from the chuckhole in his cell door, that there was an appropriate relationship between the need for force and the level of force applied, that the defendants appropriately tempered the severity of the force used and that Whitmore suffered no severe or permanent injury from the force applied, but that the officers were not immediately, reasonably threatened by Whitmore's behavior. Magistrate Judge Frazier further noted that Whitmore had the ability to stop the force by complying with the order to remove his hand from the chuckhole but refused to do so until he talked to a sergeant. He concluded that, given those circumstances, no reasonable jury could find the force used on Whitmore was imposed maliciously or sadistically to cause harm.

## III. Objections

Whitmore does not dispute the facts or the law as set forth in the Report, but the application of the law to the facts. He notes that defendant Thompson twisted Whitmore's arm, bent it against the chuckhole in an effort to make him pull his arm back and stated loudly, "I'll break it." He seizes on Thompson's words and his repeated acts of slamming the chuckhole door on Whitmore's shoulder and arm to show his malicious and sadistic intent.

While the evidence Whitmore points out serves to show force and threats were used

2

against him, it does not reveal the force as excessive. He mistakes Thompson's determination to make him comply with orders for maliciousness. The evidence shows Whitmore was intransigent in refusing to bring his hand and arm back into the cell, even after ordered multiple times to do so, and Thompson was taking action to make him comply with those orders. Even in his own testimony, Whitmore describes the threats and force as directed toward making him pull his hand and arm back in his cell: Thompson was

> trying to get my arm on a angle where my elbow locked against my slot so that he can pull [*sic*] enough pressure on it *to hurt me enough to make me pull my arm back*. . . . And he tells me, I'll break it. The whole time he's telling me, I'll break it. And he's loud. He's saying this real loud. . . . So he let me know that, you know, *if I don't put my arm back in*, he let me know, so . . .

Whitmore Dep. at 48-49 (emphasis added). Even that amount of force, however, was insufficient to make Whitmore comply. No reasonable jury could find it excessive in the circumstances.

## IV. Conclusion

For the reasons stated in the Report, no reasonable jury could find that the force used on Whitmore was imposed sadistically or maliciously even where Thompson threatened to break the arm and slammed the chuckhole door on his arm to make Whitmore comply with orders. Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 72), **GRANTS** the defendants' motion for summary judgment on Whitmore's excessive force claim (Doc. 61), and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Whitmore's claim for inadequate medical care in violation of the Eighth Amendment is the only claim remaining in this case.

**IT IS SO ORDERED.**
**DATED: April 19, 2011**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**