IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY D. WHITMORE aka Don Gregerson,<br><br>       Plaintiff,<br><br>v.<br><br>CINDY ALPERT, *et al.*,<br><br>       Defendants. | CIVIL NO. 08-cv-420-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court for case management purposes. This case is set for jury trial on October 17, 2011, yet the plaintiff has not moved for appointment of counsel.

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The circumstances presented in this case warrant recruitment of counsel. *See Santiago*, 599 F.3d at 765 ("The situation here is qualitatively different from typical prison litigation."). Based on the facts of this case, the Court believes the assistance of counsel for the plaintiff is necessary to coherently present the plaintiff's case to a jury. Moreover, the presence of counsel for the plaintiff would aid in the orderly progression of the case.

Accordingly, the Court **APPOINTS** attorney Richard L. Gray of the Castle Law Firm, to

represent Plaintiff for trial.[1]  Mr. Gray shall enter his appearance on or before July 29, 2011.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Mr. Gray who is the legal professional in this relationship.  Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will likely be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. The Court will not accept any filings from Plaintiff individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any

---

[1] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections at Pinckneyville Correctional Center.  Information about the facility is available at www.idoc.state.il.us.  Counsel may use the Illinois Department of Corrections's videoconferencing system to confer with Plaintiff.  The Court asks the Assistant Attorney General assigned to this case to facilitate those arrangements.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Mr. Gray immediately.

**IT IS SO ORDERED.**

**DATED:  July 21, 2011**

s/ J. Phil Gilbert<br>**United States District Judge**