IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DON GREGERSON, a.k.a. Troy D. Whitmore ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-cv-420-JPG-PMF |
| ) | |
| CINDY ALPERT, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND O R D E R

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' combined motion for judgment as a matter of law and for a new trial (Doc. No. 139). The motion is opposed (Doc. No. 142). A reply is on file (Doc. No. 144).

### I. Renewed Motion for Judgment as a Matter of Law

Defendants Alpert, Jetton, McCabe, Fedderke, Thompson, and Teel argue that they are entitled to judgment in their favor because plaintiff failed to present a sufficient evidentiary basis for all elements of his Eighth Amendment claim. The question before the Court is whether no reasonable juror could have found in Whitmore's favor. Fed. R. Civ. P. 50(a), (b).

(a). Insufficient Evidence of a Serious Medical Need

The defendants argue that Whitmore failed to present sufficient evidence that he was suffering from a serious medical need on June 25, 2006. This element of proof is judged against an objective standard, which may be satisfied with proof that Whitmore suffered a condition which had been diagnosed by a physician as mandating treatment or was so obvious that even a lay

1

person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). While the evidence on this element was not particularly strong, the jury was presented with circumstantial and direct evidence about Whitmore's specific injury (a series of cuts, some were deep) and information about the circumstances resulting in that injury (a sharp steel chuckhole door forcibly slammed into Whitmore's bare shoulder 10-15 times). The jury also heard testimony that Whitmore had symptoms of bleeding and pain, and heard that Whitmore repeatedly tried to obtain medical attention. The jury also heard that Dawn Graether eventually assessed the nature of Whitmore's injury, provided him with pain relief medication, and arranged for him to receive further attention from a medical doctor. An inference that Whitmore suffered from a serious medical need on June 25, 2006, was permissible.

   (b). Insufficient Evidence of Deliberate Indifference

  With respect to the subjective element of proof, the defendants acknowledge Whitmore's testimony that he requested medical treatment from them and that they did nothing in response. Even so, they suggest that their conduct should be evaluated as delaying rather than denying access to medical care. This argument overlooks the premise that a plaintiff is the master of his own claim for relief. Whitmore elected to proceed on the theory of intentional denial of access to medical treatment (Doc. No. 117, Section I). Defendants' effort to revise plaintiff's theory of liability must be rebuffed. Whitmore was entitled to proceed on his preferred theory of recovery and was not required to select defendants' alternate theory that his access to treatment was delayed. Moreover, evidence demonstrating that Whitmore was eventually seen and treated by medical professionals did not tend to enlighten the jury regarding any act or omission attributed to

the defendants, reflecting their level of culpability. In view of plaintiff's theory of liability, the defense argument is misplaced and the authorities cited are not persuasive.

    (c).    Insufficient Evidence of Harm

This argument is premised on the defendants' suggestion (discussed above) that their conduct should be viewed as delaying rather than denying access to medical assistance. As noted, Whitmore was entitled to proceed on his theory of outright denial as the unconstitutional response to his requests for medical attention. In these particular circumstances, Whitmore was not required to prove harm by presenting additional verifying medical evidence of detrimental delay. Although evidence that Whitmore eventually received medical attention from non-parties was relevant to damages, damages are not an element of liability. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003).

    (d).    Qualified Immunity

Officials performing discretionary functions are entitled to qualified immunity from liability arising out of conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In June, 2006, the law was clearly established that deliberate indifference to a serious medical need in a prison context violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976). The qualified immunity defense lacks merit in these particular circumstances.

    **II.**    **Motion for a New Trial**

Rule 59(e) allows this Court to alter or amend the judgment if the defendant demonstrates a manifest error of law or presents newly discovered evidence.  Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch,* 517 F.3d 489, 493–94 (7th Cir.2008).

(a).   Deficient Jury Instructions

The instructions given to the jury provided them with adequate guidance regarding the nature of plaintiff's claim, the particular issues to be decided, and the applicable law.  In particular, Plaintiff's No. 1 and Court's Nos. 1, 2, and 6 gave the jury the proper legal framework in which to resolve the remaining dispute between these parties.

(b).   Findings Against the Manifest Weight of the Evidence.

The jury's verdict demonstrates that a number of factual disputes were resolved in favor of the plaintiff and against the defendants.  Resolving factual disputes is the prerogative of the jury. The Court finds no clear demonstration of a manifest mistake of law or fact or any newly discovered evidence requiring amendment or alteration of the judgment.

### III.   Conclusion

Defendants' motions (Doc. No. 139) are DENIED.

**IT IS SO ORDERED.**

DATED:     November 16, 2012     .

                                                 **S/Philip M. Frazier**
                                                 **PHILIP M. FRAZIER**
                                                 **UNITED STATED MAGISTRATE JUDGE**